**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:13CV-P28-M**

ANTONIO DECARLO MCGUIRE                                                                                        PLAINTIFF

v.

UNION COUNTY JAIL *et al.*                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio DeCarlo McGuire, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is now before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will allow Plaintiff's excessive-force claim to proceed for further development and dismiss the remaining claims.

### I.

Plaintiff currently is an inmate at the Grayson County Detention Center. His claims arise from his previous incarceration at the Union County Jail. He sues the Union County Jail and the following Union County Jail personnel in their individual and official capacities: Deputy Charles Risley, whom he identifies as a "Deputy C.O."; "LT Jim (Unknown)," whom he identifies as a "LT. CO.";[1] and "Kim (Unknown)," whom he identifies as a "LT. CO." Plaintiff also sues "State of Ky, Dept. Of Corr."

Plaintiff states that Defendant Risley "innapropriatly used excessive force, with malicious intent, showing deliberate indifference" toward him by "excessively spraying pepper

---

[1] Plaintiff lists "LT Jim (Unknown)" twice in the section of the complaint where Defendants are to be listed. The Court presumes that this was inadvertent and he only intended to sue on "LT Jim."

spray into his eyes, only McGuire was sprayed." He states that this was in violation of the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's Cruel and Unusual Punishments Clause.

Plaintiff states that Defendants LT Jim and Kim were "not doing [their] job as a superior officer. Neglent, malicious, deliberate indifference, intent. Violating 8th USCA, Cruel & Unusual Punishment. And 14 USCA Due Process, KRS & KAR, as well as DOC."

Plaintiff states Defendant State of Ky, Dept of Corr. was "negelent as a Class D. institution. Officers improperly trained or not trained at all. Applys under 8th cruel and unusual punishment of U.S.C.A.'s and 14th Due Process Clause. KRS & KAR & DOC rules & regs."

Plaintiff further states, "And 'Medical,' on improper medical treatment. Lack of, in/under, 8th cruel & unusual punishment & 14th USCA. Due process clause & KAR & KRS rules & regs on same. As well as the Human Decency Concept."

Plaintiff attaches several exhibits to the complaint. He attaches a letter he sent to "Ms. Cathy" in which he states, "Charlie was braggin yesterday that his spray was 5 times worser than regular spray. . . . You shoulda seen how Charlie was sprayin tryin' to blind me so I could get hurt." Plaintiff also attaches a report to Jailer Cathy Smith from Lieutenant Jason L. Newton with the subject line: "Internal Investigation IRT allegation of excess force by Deputy Charles Risley made by Antonio McGuire." In the report Newton states that Plaintiff had filed a grievance stating that he had been involved in an altercation with another inmate and alleged that Defendant Risley had pepper-sprayed him after he had complied with Risley's orders and had "directed all use of force" toward Plaintiff only and not the other inmate. The report states that Newton interviewed the parties involved and witnesses and indicates that there were differing

accounts of whether the other inmate was pepper-sprayed.  The report states that Newton "reviewed video footage of part of the incident, the part occurring in the hallway, and observed Deputy Risley escorting inmate McGuire from the cell, leaving the cell door open, allowing inmate Wilson to exit the cell and assault inmate McGuire."  The report also states, "I highly recommend staff training in the areas of use of force continuum, crisis prevention and intervention, and response to fights in progress."  A portion of the report is also redacted.

Plaintiff also attaches a grievance form which he completed stating that he had requested help from "Jim."  He states, "I could not breath and Jim called me a c*** sucker.  I feel I was mistreated and humiliated.  The whole cell seen and heard everything.  Very unprofessional."

Finally, Plaintiff attaches an "Affidavit/Statement" describing the incident in which he states that he was "restrain[ing]" another inmate named Billy and the following then occurred:

> Charlse [Risley] open the door and said; let him go.  I raise my hand then Billy struck me again and Charlse sprayed me.  I told: Charlse, he was wrong; hands in the air.  Billy kept hitting me, so I [illegible] defending myself.  I [illegible] notice billy goin for the hot pot so I go in [illegible].  Billy come out and hit me in the head.  I defend myself again then he sprayed me again.
>
> My eyes hurt my nose run the smell when it drains taste terrible.  I am phycologically inadequate in my thinking. . . .  I feel like I was being assaulted by the guard and Billy.  I can't sleep due to side affect of DPS draining.

As relief, Plaintiff seeks compensatory and punitive damages, injunctive relief in the form of "firing and pressing charges.  Conviction[,]" and other relief in the form of "charges of assault & neglience, intent.  Etc."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

3

portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a

4

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.     Union County Jail and official-capacity claims**

Plaintiff sues the Union County Jail. However, the Union County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, it is Union County that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Union County is a "person" for purposes of § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claim against the Union County Jail as brought against Union County.

Moreover, Plaintiff's claims against Defendants Risley, LT Jim, and Kim in their official capacities are also actually against their employer, Union County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether this municipality is responsible for the alleged constitutional violations.

Plaintiff alleges that he was subjected to cruel and unusual punishment when Defendant Risley pepper-sprayed him. To the extent he would argue that Union County should be liable as Defendant Risley's employer, a municipality "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the

6

liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any Defendant acted pursuant to a policy or custom of Union County in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Union County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Therefore, Plaintiff's claim against the Union County Jail and his official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

**B.     Individual-capacity claim against Defendant Kim**

The only facts Plaintiff alleges against Defendant Kim is that she "was not doing her job as a superior officer." The remainder of the allegations against her are legal conclusions which this Court is not required to accept. As stated above, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. Supervisory liability "must be based on active unconstitutional behavior

7

and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to allege facts showing that Defendant Kim participated in any unconstitutional conduct. Accordingly, the individual-capacity claims under § 1983 against Defendant Kim must be dismissed for failure to state a claim upon which relief may be granted.

**C.     Individual-capacity claim against LT Jim**

The only factual allegations in the complaint against LT Jim are that he was "not doing his job as a superior officer." The complaint does not allege that he participated in any unconstitutional conduct, and the claims are subject to dismissal for the reasons above. However, Plaintiff attaches a grievance wherein he also states that he asked Jim for help after he was pepper-sprayed and Jim called him a derogatory name and Plaintiff felt humiliated and mistreated.

Harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 10312, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, Plaintiff's claim against Defendant LT Jim will be dismissed for failure to state a claim.

**D.     Claim against State of Kentucky and/or Department of Corrections**

Plaintiff also sues "State of Ky, Dept. Of Corr." To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. The Kentucky Department of Corrections (KDOC) is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. Ann. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Commonwealth of Kentucky and KDOC are not "persons" under § 1983, Plaintiff fails to state cognizable claims against them. Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against the Commonwealth and KDOC.

Therefore, Plaintiff's action against the "State of Ky, Dept. of Corr." will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

**E.     Claim concerning "Medical"**

Plaintiff states in the complaint that "'Medical'" gave him "improper medical treatment" in violation of the Eighth Amendment. A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To prove a prison official is liable under the Eighth

---

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id*. (quoting *Farmer*, 511 U.S. at 834).

First, Plaintiff does not name any medical staff as Defendants to the action and it is therefore unclear against which Defendant, if any, Plaintiff asserts this claim. Nor does Plaintiff state what medical treatment he received or how it was "improper." To the extent he states in an attachment that his eyes hurt and nose ran after being pepper sprayed, Plaintiff fails to show how these complaints rose to the level of a "sufficiently serious" medical need to give rise to an Eighth Amendment claim. *See Censke v. Unknown Ekdahl*, No. 2:08-cv-283, 2009 U.S. Dist. LEXIS 41962, at *23 (W.D. Mich. May 18, 2009) (plaintiff's complaints of "burning in his nose, lungs, eyes and skin" after being sprayed with chemical agent "do not constitute a serious medical need for purposes of the Eighth Amendment[,]" warranting dismissal under § 1915A).

Because Plaintiff states no facts to support a claim concerning "Medical," any claim of improper medical treatment in violation of the Eighth Amendment does not survive initial review and will be dismissed.

**F.     Demand for injunctive relief**

Plaintiff is no longer incarcerated at the Union County Jail. Thus, any request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Moreover, as to Plaintiff's request to "press[] charges," "[i]t is

10

well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Plaintiff's request for injunctive relief will therefore be dismissed.

**G.     Claims under Kentucky statutes or regulations**

Moreover, to the extent Plaintiff contends that Defendants were in violation of "KAR & KRS rules & regs" and other state-law provisions, these are legal conclusions which the Court is not required to accept. This Court cannot discern any Kentucky statutes or regulations that would apply to Plaintiff's claims, and these claims will be dismissed for failure to state a claim.

**H.     Excessive-force claim**

The Eighth Amendment[3] prohibits cruel and unusual punishment, including inflictions of pain that are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation marks and citations omitted). The Sixth Circuit has suggested that the use of chemical agents may be necessary for compelling prison inmates' compliance with prison officials' orders. *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992). The use of chemical agents such as pepper spray does not constitute cruel and unusual punishment, if reasonably necessary to subdue recalcitrant prisoners. *See Jennings v. Peiffer*, 110 F. App'x 643, 646 (6th Cir. 2004) (affirming grant of summary judgment to defendant officer because he did not act

---

[3]Plaintiff also alleges Defendant Risley's action violated the Fourteenth Amendment. However, because the complaint indicates that Plaintiff was a convicted state inmate at the time of the facts alleged in the complaint, the Fourteenth Amendment does not apply. Rather, the Eighth Amendment is the source of protection for convicted prisoners complaining of prison conditions. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

maliciously or sadistically in spraying a chemical agent to secure prisoner-plaintiff's compliance with an order); *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984); *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975).

However, construing the complaint and attachments broadly, as the Court is required to do at this stage, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), the Court will allow Plaintiff's claim of excessive force in violation of the Eighth Amendment to go forward against Defendant Risley in his individual capacity.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claim against the Union County Jail; all official-capacity claims; the individual-capacity claims against Defendants LT Jim and Kim; claims concerning medical treatment; injunctive-relief claims; and claims under Kentucky statutes or regulations are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against "State of Ky, Dept of Corr." are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages against a defendant immune from such relief.

The Court will enter a separate Scheduling Order governing the development of the excessive-force claim against Defendant Risley.

Date: August 23, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Union County Attorney
4414.010